UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSNK WORKING CAPITAL FINANCE CORP., <br> Plaintiff, <br> v. <br> NEXT CREATION HOLDINGS, <br> Defendant. | Case No.17-cv-00305-HRL <br> **ORDER DENYING MOTION TO STAY** <br> Re: Dkt. No. 23 |

In the motion pending before the court, Defendant Next Creations Holdings, LLC ("Next Creations") requests a stay of this action pending resolution of an action in a Texas state court between it and non-party Shell Home Fashions, LLC ("Shell"). Dkt. No. 23. Next Creations asserts that the Texas suit will resolve certain issues in this action. *Id.* Plaintiff CSNK Working Capital Finance Corp., d/b/a Bay View Funding ("Bay View") opposes the motion. Dkt. No. 27.

Both parties have consented to magistrate judge jurisdiction. Dkt. Nos. 8, 13. For the reasons described below, the court denies the motion to stay.

## BACKGROUND

Bay View alleges that it executed a factoring agreement with non-party Shell, purchasing some of the latter's invoices. *Id.*, ¶ 6. Shell then entered into a contract for the sale of goods with Next Creations, *id.*, ¶ 8, which sold goods received from Shell to Bloomingdales/Macy's, *id.*, ¶ 13. Next Creations, however, failed to pay the invoice after Bloomingdales/Macy's purportedly determined that the goods were defective. *Id.*, ¶¶ 15, 20. As a result, Bay View sued Next Creations for breach of contract, promise without intent to perform, conversion, unlawful business practices, and promissory estoppel. Dkt. No. 1.

In its answer to the complaint, Next Creations asserts that it has a complete defense to

payment because Shell breached the contract between them by shipping defective goods. Next Creations argues that Bay View, as the assignee of Shell's rights, cannot collect on Shell's invoice if Next Creations has a contractual defense against Shell. Dkt. No. 9, ¶ 7.

Next Creations sued Shell in Texas state court in May 2017. Dkt. No. 23, Diaz Decl., ¶ 3. The Texas complaint alleges breach of contract related to the transaction described above. Dkt. No. 23, Diaz Decl., Ex. A.

Next Creations now moves the court for a stay of this action pending resolution of the Texas suit. Dkt. No. 23. The motion asserts that a stay is appropriate because Bay View "has no right to recover unless and until a fact finder determines whether Shell performed under its agreement" with Next Creations. *Id.* These issues should be decided in Texas, Next Creations argues, because that is "where the relevant agreement was made and performed." *Id.* According to Defendant, a stay pending resolution of the Texas suit would narrow and simplify the issues before this court and save the parties' and the court's resources. *Id.*

Bay View opposes the motion for a stay, arguing that Next Creations is attempting to litigate in Texas—rather than bringing Shell into this litigation—to avoid Bay View's participation in resolving issues significant to this suit. Dkt. No. 27. Bay View further argues that a stay is inappropriate because (1) there are many other issues in this suit besides Shell's performance, (2) Next Creations has not made a proper showing of "hardship or inequity" absent a stay, and (3) stays have not generally been granted under the circumstances present here (where both proceedings are straightforward civil suits).

**DISCUSSION**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The competing interests that courts must weigh include (1) the possible damage that may follow from the granting of a stay, (2) the "hardship or inequity" a party may suffer absent a stay, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of

2

issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[I]f there is even a fair possibility" that the stay will harm another party, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *CMAX*, 300 F.2d at 268. The parties and issues in the two suits need not be identical for a court to issue a stay. *Landis*, 299 U.S. at 254.

**Damage Resulting from a Stay.** Concerning the first interest to be weighed, Next Creations asserts that no harm will result from the granting of a stay. Bay View disagrees, arguing in somewhat conclusory fashion that the litigation of the Next Creations/Shell contract issue in a separate forum without Bay View's participation "is virtually guaranteed to result in damage" to Bay View's claim. At the hearing on this motion, Bay View explained that it would be prejudiced by the stay because it would not have the opportunity to defend its rights in the Texas forum. This argument has limited persuasive power. Ordinarily, the fact that "rulings [will be] made" in another proceeding is "not the kind of prejudice" a court should consider sufficient to deny a stay. *CMAX*, 300 F.2d at 269. Bay View's situation, however, is distinguishable from that of the party opposing the stay in *CMAX*. The objecting party in *CMAX* was present in both proceedings, while Bay View is not a litigant in Texas state court. But while Bay View has shown some prejudice that could result from the stay, the court also observes that Bay View could have sued Shell in this forum and could have moved to intervene in Texas (and took neither action).

**Hardship or Inequity Absent a Stay.** Concerning the second interest, Next Creations asserts only that, absent a stay, the parties will spend unnecessary resources in duplicative litigation. As Bay View points out, this is mostly an argument about convenience and not one about hardship. Additionally, the Ninth Circuit has held that incurring the costs of defending a suit, without more, does not constitute a clear case of hardship or inequity. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Next Creations thus fails to show hardship or inequity absent a stay.

**Orderly Course of Justice.** As to the third interest, Next Creations argues that the granting of a stay pending the resolution of the Texas litigation will narrow the issues and simplify proceedings before this court. Though Bay View notes that there are other issues and claims in

this case that would not be resolved by the Texas litigation, that action would resolve an issue in this suit (i.e., whether Next Creations has a defense to payment based on Shell's alleged breach).

On the whole, the balance favors denying the motion for a stay. Even though Bay View's showing of prejudice likely to be caused by a stay is unimpressive, Next Creations has not made any showing of hardship or inequity resulting from the denial of a stay. Additionally, the narrowing and simplification of issues that could result from a stay in this case is not as significant as the narrowing of issues in the cases cited by the parties. *See, e.g.*, *Landis*, 299 U.S. 248 (involving concurrent challenges to a statute's constitutionality in dozens of federal courts); *CMAX*, 300 F.2d 265 (involving enforcement proceedings that would affect multiple civil suits). As Bay View points out, the pendency of a civil action in state court concerning the same matter that is concurrently before a federal court with jurisdiction is not necessarily a problem or even something out of the ordinary. *See McClellan v. Carland*, 217 U.S. 268, 282 (1910).

## CONCLUSION

Considering the factors discussed above, the court concludes that this is not one of the "rare circumstances" meriting a stay. *See Landis*, 299 U.S. at 255. The motion to stay this action is denied.

**IT IS SO ORDERED.**

Dated: 8/3/2017

HOWARD R. LLOYD
United States Magistrate Judge

4