UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSNK WORKING CAPITAL FINANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEXT CREATION HOLDINGS, <br><br> Defendant. | Case No.17-cv-00305-HRL <br><br> **ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Dkt. No. 43 |

Defendant Next Creations Holding, LLC ("Next") moves to dismiss for lack of subject matter jurisdiction. Dkt. No. 43. Next argues that federal diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. Plaintiff CSNK Working Capital Finance Corp, d/b/a Bay View Funding ("Bay View") opposes the motion. Dkt. No. 46. The matter is deemed submitted without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, and for the reasons set forth below, the Court denies the motion.

Both parties consented to magistrate judge jurisdiction. Dkt. Nos. 8, 13.

I. **BACKGROUND**

Bay View alleges that it executed a factoring agreement with a non-party, Shell Home Fashions LLC ("Shell"), acquiring the rights to some of Shell's accounts receivable. Dkt. No. 1 ¶ 6. Shell then entered an agreement to sell goods to Next. *Id.* ¶ 8. The total value of the goods sold by Shell to Next was $93,542.30. *Id.* Ex. D.

Next sold the goods purchased from Shell to Macy's Inc., which alleged that some of the goods were defective. *Id.* ¶¶ 13-15. According to the complaint, Next "issued a Debit memo[1] in

---

[1] Next refers to this transaction as an "initial partial credit," Dkt. No. 43 at 2:25. For the sake of consistency, the Court will refer to the transaction as the "debit memo."

the amount of $32,379.00 to [Shell], and informed [Bay View] that [Next] would commit" to pay the remainder of the Shell-Next invoice ($61,163.30). *Id.* ¶ 16. Next allegedly never paid Bay View, *id.* ¶ 20, and Bay View sued for breach of contract and other claims.

Bay View moved for summary judgment. Dkt. No. 38. In the summary judgment motion, Bay View "accept[ed], for the purposes of this motion only, that the Debit Memo for $32,379.00 issued by SHELL to [Next] is binding. For purposes of this motion, [BAY VIEW] asserts the remaining $61,630.30 plus interest at the legal rate is due and owing." Dkt. No. 38 at 3:14-16. Next then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 43.

Next argues that Bay View's concession as to the debit memo proves that Bay View's claim is for less than the jurisdictional minimum. Bay View asserts that it conceded the validity of the debit memo only for the purpose of its summary judgment motion. If the motion is unsuccessful, Bay View says, it will seek the full $93,542.30.

## II. DISCUSSION

Federal district courts have original jurisdiction over civil actions where there is complete diversity between the parties, and where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The test for determining whether a plaintiff has met the jurisdictional amount is found in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 238 (1938), where the Supreme Court stated that:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction."

*St. Paul*, 303 U.S. at 288–89. In light of *St. Paul*, a court will dismiss a case where, for example, reaching the jurisdictional threshold depends on the plaintiff obtaining punitive damages for breach of contract, *Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 409-10 (N.D. Cal. 1990), or where an accounting error causes the plaintiff to overvalue its claim, *Flournoy v. U.S. Aviation Underwriters, Inc.*, 206 F. Supp. 237, 238 (W.D. Tex. 1962). "[T]he fact that the complaint

2

discloses the existence of a valid defense to the claim," does not deprive the court of jurisdiction. *St. Paul*, 303 U.S. at 289.

Here, Bay View claimed entitlement to more than $75,000 in its complaint. Bay View's claim to the full value of the invoice seems to be at least "colorable for the purpose of conferring jurisdiction[.]" *St. Paul*, 303 U.S. at 289-90. Therefore, unless it appears to a legal certainty that the claim is really for less than the jurisdictional minimum, the Court is not deprived of subject matter jurisdiction.

Next directs the Court to *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir. 1994), but the case is distinguishable. In *Tongkook* an apparel company (Shipton) agreed to purchase goods from a manufacturer (Tongkook) for an agreed price of $306,762.16.

> "Shipton paid $189,141.11 against the sum due, leaving an unpaid balance of $117,621.05. Shipton's bank also issued a letter of credit for Tongkook's benefit. On February 5, 1990, Tongkook drew $80,760.00 on the letter of credit, but apparently both Tongkook and Shipton neglected to credit this amount to the outstanding balance of $117,621.05. Thus, when the suit was commenced, the balance due was actually $36,861.05, not $117,621.05."

*Tongkook*, 14 F.3d at 782–83. The Second Circuit determined that the plaintiff's claim was for less than the jurisdictional minimum, and that the court therefore lacked subject matter jurisdiction over the suit. *Id.* at 786.

Next argues that the letter of credit in *Tongkook* is analogous to the debit memo in this case. In *Tongkook*, however, neither side disputed that, after taking into account the letter of credit, the defendant had paid the plaintiff all but approximately $36,000 under the contract. The only question for the Second Circuit was whether, once the parties' oversight was discovered, it was otherwise clear to a legal certainty that the plaintiff would never have been entitled to at least the jurisdictional minimum. There is no such legal certainty in this case. Bay View alleges that it has not received any of the funds owed to it under the Shell-Next invoice. Further, Bay View disputes the validity of Next's debit memo to Shell. Although Next may have valid defenses to Bay View's claims, the Court cannot identify a hornbook-style rule, such as the unavailability of punitive damages for breach of contract, *Czechowski*, 731 F. Supp. at 409-10, that would preclude Bay View from collecting the full value of the invoice. *See St. Paul*, 303 U.S. at 289. In the

3

absence of legal certainty that Bay View's claim is for less than the jurisdictional minimum, the Court retains subject matter jurisdiction over the suit. Next's motion is denied.

**IT IS SO ORDERED.**

Dated: November 21, 2017

HOWARD R. LLOYD
United States Magistrate Judge